UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                               Case No. 16-cr-20645
                                District Judge Paul D. Borman

LARRY BUTTROM,

        Defendant.
_____/

**ORDER DENYING DEFENDANT LARRY BUTTROM'S MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (ECF NO. 27)**

Defendant Larry Buttrom filed a Motion for Resentencing and Early Release, on June 9, 2020. Because Defendant had previously filed a request for release on May 14, 2020 with his warden at FCI-Loretto, Pennsylvania, and that request was denied on May 22, 2020, this case is properly before this Court under 18 U.S.C. § 3582(c)(1)(A). (Defendant's Reply, June 23, 2020, ECF No. 29, Page ID 125.)

On January 14, 2017, Defendant pled guilty to Count One of his indictment, Possession with Intent to Distribute a Controlled Substance (21 U.S.C. § 841(a)), and Count Three, Felon in Possession of a Firearm (18 U.S.C. § 922(g)).

On June 5, 2017, this Court sentenced Defendant to 96-months incarceration, with four years of supervised release on Count One, 96 months and three years of supervised release on Count Three, to run concurrently.

1

Defendant's release date from prison is July 22, 2023.

Defendant seeks release because he suffers from diabetes, vision loss, arthritis, and high blood pressure. He is 64 years old. He also alleges that he "had surgery while in BOP custody, and likely requires a second surgery." (Information provided to his attorney from Mr. Buttrom's family.)  (ECF No. 27, Page ID 102.)

Defendant contends that his medical condition makes him a substantial health risk if he were to contract COVID-19 because he suffers from high blood pressure and diabetes.

Defendant recognizes that this Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in acting upon his request. (ECF No. 27, Page ID 107.)

The Government Response notes that the evidentiary basis for his conviction was its September 2016 execution of a search warrant at Defendant's residence where it recovered:  (1) a money counter, (2) a heat sealer, (3) scales, (4) drug packaging, (5) 588 grams of powder cocaine, (6) 103 grams of crack cocaine, (7) 68.9 grams of heroin, (8) 922.7 grams of marijuana, (9) a 9 mm firearm with a fully-loaded magazine and one round in the chamber, (10) a false State of California ID, (11) nine cell phones, and (12) $34,000.00 in cash. Prior to the search warrant execution, agents had seen him conduct multiple drug transactions. (Government Response, 6/22/2020, ECF No. 28, Page ID 117-118.)

Defendant filed a Reply on June 23, 2020, reiterating the warden's denial of his request for home confinement. (ECF No. 29, Page ID 125.)

On July 1, 2020, the Government filed a Supplemental Brief in Opposition, setting forth that Defendant has a criminal history dating back to the 1970's, and that he committed the instant offense while on supervised release for a federal drug conviction. (ECF No. 30, Page ID 136-137.)

The Government further asserts that the United States Court of Appeals for the Sixth Circuit, in *Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020), stated that the actions of the BOP to reduce the COVID-19 risk demonstrates the opposite of a disregard of a serious health risk. The Court concluded "The BOP has not shown deliberate indifference." (*Id.* at 843.) Evidence that the Bureau of Prisons is acting aggressively to deal with the COVID-19 pandemic within FCI-Loretto, Pennsylvania, is the fact that as of July 14, 2020, that institution has 0 COVID-19 inmate positives, and 0 COVID-19 staff positives.

While the First Step Act amended who can qualify for compassionate release under § 3582(c)(1)(A), it did not amend the requirements for release under United States Sentencing Guideline 1B1.13 as to the four categories of "extraordinary and compelling reasons" that, at least one of which, an individual must satisfy to come under that Guideline, cmt, app. n1:

    A.    The inmate's medical condition; suffering from a serious medical condition;

    B.    The inmate's age; at least 65 years old and experiencing a serious deterioration in physical health;

    C.    The inmate's family circumstances; and

    D.    Other reasons as determined by the director of the BOP.

The Court finds that Mr. Buttrom's medical situation does not satisfy the medical condition requirement, nor does he qualify under any of the other "extraordinary and compelling reasons."

The COVID-19 pandemic, by itself, does not qualify as the type of inmate-specific medical condition authorizing compassionate release. While Defendant's medical records confirm that he suffers from Type II diabetes, it is treated with medication and thus does not qualify him for release for his medical condition.

The Court has examined the 18 U.S.C. § 3553(a) factors, and they clearly establish that he has been, and will continue to be a danger to the community, and thus does not warrant early release or home confinement. The instant offenses constitute serious criminal violations; his criminal activity demonstrates a list of serious prior criminal conduct; there is a need to provide just punishment for these offenses, and there is clear evidence of the need to protect the public from further crimes of Defendant given this conviction for conduct while on supervised release.

Finally, Defendant has served just over half of his sentence for this extremely dangerous criminal activity, which builds upon similar prior activity. The Court can consider the length of time served in weighing the § 3553(a) factors discussed above, as permitted by the United States Court of Appeals for the Sixth Circuit in *United States v. Kincaid*, 805 F. App'x 394, 395-96 (6th Cir. 2020).

Accordingly, the Court denies Defendant Buttrom's Motion for Resentencing and Request for Early Release, pursuant to 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

DATED:  July 16, 2020                    s/Paul D. Borman
                                         PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE